UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT W. FARBER, | |
| Plaintiff, | CIVIL ACTION NO. 3:21-CV-01723 |
| v. | (MEHALCHICK, M.J.) |
| H & K PERFORATING QPI, LLC, et al., | |
| Defendants. | |

**MEMORANDUM**

Presently before the Court are two motions *in limine* filed by Plaintiff Robert W. Farber ("Farber") (Doc. 71; Doc. 75), and six motions *in limine* filed by Defendants Bulls Acquisition Company, LLC, H & K Perforating QPI, LLC, H & K Perforating, LLC, and Andrew Strang (collectively, "H&K") (Doc. 77; Doc. 81; Doc. 83; Doc. 87; Doc. 89; Doc. 103). Plaintiff Farber initiated this action by filing a complaint on October 7, 2021. (Doc. 1). Farber filed the second amended complaint on August 18, 2022. (Doc. 39). The motions *in limine* have been fully briefed and are now ripe for dispositions.[1]

I.  **BACKGROUND AND PROCEDURAL HISTORY**

As the Court writes primarily for the parties, the background and history are limited to the immediately relevant circumstances of the pending motions.

This case stems from H&K's decision to terminate Farber's employment for cause under his Employment Agreement on October 1, 2021. (Doc. 39, ¶ 30; Doc. 88-2). From May 16, 2001, to January 22, 2021, Farber served the President and is the sole shareholder of QPI.

---

[1] In the final pretrial conference held before the Court on August 16, 2023, the parties notified the Court that the following motions *in limine* are now moot: (Doc. 71; Doc. 77; Doc. 81; Doc. 83; Doc. 87). Accordingly, these motions *in limine* are **DENIED as MOOT**.

(Doc. 39, ¶ 14). On December 16, 2020, QPI filed for voluntary Chapter 11 bankruptcy. (Doc. 39, ¶ 16). On January 21, 2021, H&K closed on the purchase of substantially all of QPI's assets and hired QPI's employees, including Farber as the General Manager of the Carbondale facility and its corporate Director of Technology. (Doc. 39, ¶ 22). H&K provided Farber with an employment agreement, which provided Farber a severance benefit if H&K terminated his employment without cause, as that term is defined in the employment agreement, prior to December 31, 2023. (Doc. 39, ¶ 21).

On October 1, 2021, H&K terminated Farber's employment. (Doc. Doc. 39, ¶ 30; Doc. 88-2). According to the termination letter dated October 1, 2021, H&K terminated Farber's employment for the stated reason of "making deductions from employee paychecks for health care, using the funds for purposes other than paying for health care, and then being dishonest with Company officials about this conduct during the Company's investigation." (Doc. 73-1, at 3). On October 7, 2021, Farber initiated this action by filing a complaint against H&K alleging claims for breach of contract, wrongful discharge, breach of compensation and severance agreement, violations of the Pennsylvania Wage Payment and Collection Law ("WPCL"), defamation of character, replevin, conversion, and promissory estoppel. (Doc. 1; Doc. 39).

The parties have each filed motions *in limine* in anticipation of trial. As noted above, the parties have notified the Court that the following motions *in limine* are now moot: (Doc. 71; Doc. 77; Doc. 81; Doc. 83; Doc. 87). Farber's remaining motion *in limine* seeks to preclude H&K from offering evidence regarding unremitted union dues or 401K contributions. (Doc. 75; Doc. 76). H&K's remaining motions *in limine* seek (1) to preclude evidence that Bulls Acquisition Company, LLC, controlled Quality Perforating, Inc. ("QPI") (Doc. 89; Doc. 90);

and (2) to preclude evidence or testimony regarding the Honorable Mark J. Conway's status as a United States Bankruptcy Judge. (Doc. 103; Doc. 104).

II. **STANDARD OF REVIEW**

The Court is vested with broad inherent authority to manage its cases, which carries with it the discretion to rule on motions *in limine* prior to trial. *See Luce v. United States*, 469 U.S. 38, 41 n.4 (1984); *In re Japanese Elec. Prods. Antitrust Litig.*, 723 F.2d 238, 260 (3d Cir. 1983), *rev'd on other grounds sub nom.*, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986) (noting that the court exercises its discretion to rule *in limine* on evidentiary issues "in appropriate cases"). Courts may exercise this discretion in order to ensure that juries are not exposed to unfairly prejudicial, confusing or irrelevant evidence. *United States v. Romano*, 849 F.2d 812, 815 (3d Cir. 1988). Courts may also do so in order to "narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." *Bradley v. Pittsburgh Bd. of Educ.*, 913 F.2d 1064, 1069 (3d Cir. 1990) (citation omitted). In considering motions *in limine*, which call upon the court to engage in preliminary evidentiary rulings under Rule 403 of the Federal Rules of Evidence, the Court begins by recognizing that these "evidentiary rulings [on motions *in limine*] are subject to the trial judge's discretion and are therefore reviewed only for abuse of discretion . . . . Additionally, application of the balancing test under Federal Rule of Evidence 403 will not be disturbed unless it is 'arbitrary and irrational.'" *Ely v. Cabot Oil & Gas Corp.*, No. 3:09-CV-2284, 2016 WL 454817, at *2 (M.D. Pa. Feb. 5, 2016) (citing *Abrams v. Lightolier Inc.*, 50 F.3d 1204, 1213 (3d Cir. 1995) (citations omitted)); *see Bernardsville Bd. of Educ. v. J.H.*, 42 F.3d 149, 161 (3d Cir. 1994) (reviewing *in limine* rulings for abuse of discretion).

The Federal Rules of Evidence provide that relevant evidence is generally admissible.[2] Fed. R. Evid. 402. Evidence is "relevant" if its existence simply has "any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401(a)-(b). However, relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice." Fed. R. Evid. 403. The balancing test under Rule 403 provides as follows:

> [t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.
>
> Fed. R. Evid. 403.

III. **DISCUSSION**

    A. FARBER'S MOTION *IN LIMINE*

Farber's motion *in limine* seeks to preclude H&K from offering: testimony of Stephen Kostiak, regarding Farber's involvement with the issues of health care coverage, or 401K contributions; Kostiak's "RANT" email for any purpose; the testimony of Colleen Nichols, regarding union dues and/or 401K contributions; and any testimony, evidence, or argument

---

[2] The Federal Rules of Evidence can aptly be characterized as evidentiary rules of inclusion, which are designed to broadly permit fact-finders to consider pertinent factual information while searching for the truth. *Ely*, 2016 WL 454817, at *3. The grounds for exclusion of evidence under Rule 403 are described as an exception to the general rule favoring admission of relevant evidence, and by permitting the exclusion of relevant evidence only when its probative value is "substantially outweighed" by other prejudicial factors, the Court's discretion in considering evidentiary rulings should consistently be exercised in a fashion which resolves all doubts in favor of the admission of relevant proof in a proceeding, unless the relevance of that proof is substantially outweighed by some other factors which caution against admission. *Ely*, 2016 WL 454817, at *3.

regarding unremitted union dues or 401K contributions.³ (Doc. 75; Doc. 76). In relevant part, Colleen Nichols was an employee of QPI for 19 years and was retained as an employee by H & K Perforating QPI, LLC, after the asset purchase, as an HR/Accounting employee. (Doc. 76, at 4). Farber argues that the evidence should be precluded pursuant to Federal Rule of Evidence 401 as not relevant to the issues before the Court and prejudicial to Farber. (Doc. 76, at 6).

In opposition, H&K argues that testimony and evidence regarding Farber's handling of employee wage deductions for 401k contributions and union dues is relevant and probative of Farber's handling of employee wage deductions for healthcare. (Doc. 94, at 4). H&K asserts that Nichols' testimony is relevant and probative because she has personal knowledge of Farber's practices regarding employee wage deductions as she handled payroll and accounting matters at Farber's direction. (Doc. 94, at 3). H&K asserts that the evidence is admissible pursuant to Fed. R. Evid. 406 to prove that Farber's routine practice to place employee wage deductions among QPI's other funds and not segregate or otherwise identify them as the employees' money and contributions, and that Farber's failure to remit the employees' deductions for union dues and 401k contributions makes it more likely he acted in the same manner with respect to the deductions made from employees' wages for their healthcare coverage. (Doc. 94, at 5). In addition, H&K argues that the evidence is not unfairly prejudicial. (Doc. 94, at 6-7).

Rule 406 of the Federal Rules of Evidence states:

---

³ H&K assert that it does not intend to call Kostiak as a witness and, therefore, does not respond to Farber's arguments regarding Kostiak's testimony or the "RANT" email. (Doc. 94, at 2 n.1). Accordingly, Farber's second motion *in limine* is **GRANTED** to the extent that Kostiak's testimony and "RANT" email are precluded.

> Evidence of the habit of a person or of the routine practice of an organization, whether corroborated or not and regardless of the presence of eyewitnesses, is relevant to prove that the conduct of the person or organization on a particular occasion as in conformity with the habit or routine practice.

Fed. R. Evid. 406.

The Advisory Committee Note to Rule 406 defines habit as the "regular practice of meeting a particular kind of situation with a specific type of conduct . . . ." Fed. R. Evid. 406, Advisory Committee Note (quoting McCormick on Evidence, § 162, p. 340); *see also United States v. Wright*, 206 F. Supp. 2d 609, 615 (D. Del. 2002) ("[T]o qualify as habit evidence, the proffered evidence must be specific and particular."). Courts in this Circuit have "carefully scrutinized" evidence offered as examples of habit to ensure that such evidence establishes a "degree of specificity and frequency of uniform response" that reflects "more than a mere tendency to act in a given manner, but rather, conduct that is 'semi-automatic' in nature." *In re Giquinto*, 388 B.R. 152, 168 (Bankr. E.D. Pa. 2008) (quoting *Simplex, Inc. v. Diversified Energy Sys., Inc.*, 847 F.2d 1290, 1293 (7th Cir. 1988)). Generally, "[h]abit evidence 'is never to be lightly established, and evidence of examples, for purposes of establishing such habit, is to be carefully scrutinized before admission.'" *See York Int'l Corp. v. Liberty Mut. Ins. Co.*, 140 F.Supp.3d 357, 362 (M.D. Pa. 2015) (citations omitted).

Farber's Rule 403 argument is unavailing. Rule 403 provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." The Court finds that testimony and evidence of Farber's handling of employee wage deductions for healthcare contributions is relevant to determine whether H&K had cause to terminate Farber's employment. Further, such evidence makes it more probable that Farber handled documents

from employees' wages for healthcare contributions in the same manner. *See* Fed. R. Evid. 401. Nichols' testimony is probative of Farber's routine practice in failing to separately maintain employee wage deductions for healthcare and 401k contributions or union dues. (Doc. 94, at 5). Regarding whether the considerations of confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence" apply here, Farber presents no argument that the letter should be precluded on these grounds. (Doc. 76, at 5-6). To the extent that Farber seeks to challenge the subject evidence, he will have an opportunity to explain and contextualize the evidence, and to propose jury instructions on this issue.

Accordingly, Farber's motion *in limine* is **DENIED**. (Doc. 75).

B. H&K'S FIRST MOTION *IN LIMINE*

H&K seeks to preclude Farber from presenting at trial any testimony, documentary evidence or argument that Bulls Acquisition, as the Debtor in Possession ("DIP") Lender to QPI, controlled QPI's finances or operations pursuant to Fed. R. Evid. 403. (Doc. 89; Doc. 90, at 1-4). H&K anticipates Farber "will attempt to deflect responsibility for his misconduct during October 2020 to January 2021 by claiming that Bulls Acquisition, through its principal Mr. Fisher, controlled QPI's finances, operations and/or decisionmaking." (Doc. 90, at 2). H&K asserts that Farber's anticipated testimony is directly contradicted by an Order of the Bankruptcy Court dated January 15, 2021, authorizing QPI to obtain post-petition financing and granting post-petition security interests, which instructs:

> [T]he DIP Lender [Bulls Acquisition Company, LLC] shall have no liability to any third party and **shall not be deemed to be in control of the operations of the Debtor [QPI] or to be acting as a "control person", "responsible person" or other "owner or operator" with respect to the operation or management of the Debtor** (as such terms, or any similar terms, are used in the Internal Revenue Code, the United States Comprehensive Environmental Response

Compensation and Liability Act, as amended, or any similar Federal or state statute), and the DIP Lender's relationship with the Debtor shall not constitute or be deemed to constitute a joint venture or partnership of any kind between the DIP Lender and the Debtor.

(Doc. 90, at 2-3; Doc. 90-1, ¶ 15); *In re Farber*, No. 20-bk-03561 (Jan. 15, 2021), ECF No. 93, ¶ 15.

In opposition, Farber argues that the Bankruptcy Order cited by Defendants is actually intended to insulate the DIP financier from third-party liability and has nothing to do with the evidence H&K seek to preclude, which predates the Bankruptcy Order and subject employment agreement. (Doc. 92, at 3). Directing the Court's attention to alleged examples of Bulls Acquisition and Fisher exerting control over the operations of QPI, including an email and testimony concerning nonpayment of the October and November 2020 health insurance payments that predate both the January 15, 2021, Bankruptcy Order, and the January 21, 2021, subject employment agreement, Farber argues:

> The fact that Fisher and Bulls exercised control over the finances of QPI is relevant and probative, as is proof that Bulls and Fisher had first-hand knowledge of Farber's actions regarding insurance coverage payments, and in fact Bulls and Fisher played a significant role in the decisions that were made, all prior to entering into the January 221, 2021, employment agreement.

(Doc. 92, at 4).

As noted above, the Court may exclude relevant evidence if the probative value of the evidence is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by consideration of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. The Court finds that the evidence of Bulls Acquisition and Fisher controlling QPI's finances, operations and/or decision-making in the relevant time period is highly probative (*i.e.*, participation in underlying challenged conduct and knowledge of materially false pretenses). However, H&K argues that

"the probative value of [Farber]'s unsupported allegation regarding Bulls Acquisition's control over QPI is substantially outweighed by the truth." (Doc. 90, at 4). Further, H&K contends admitting the evidence "will unfairly mislead and confuse the jury regarding [Farber]'s responsibility to safeguard and transfer employee healthcare withholdings from their paychecks to QPI's health plan manager." (Doc. 90, at 4). The Court is persuaded by Farber's argument as it appears that the challenged evidence suggests the events giving rise to this action first took place in October and November 2020, which predates the Bankruptcy Order dated January 15, 2021. Any prejudice substantially outweighs the highly probative nature of the evidence. *See U.S. v. Cross*, 308 F.3d 308, 323 (3d Cir. 2002) ("When evidence is highly probative, even a large risk of unfair prejudice may be tolerable."). Therefore, the Court sees no reason to exclude the challenged evidence at this juncture. Further, H&K is able to cross-examine Farber and argue to the jury that his testimony is contradictory to the court order. Accordingly, H&K's motion *in limine* is **DENIED**. (Doc. 89).

C.  H&K'S SECOND MOTION *IN LIMINE*

H&K seeks to preclude Farber from introducing evidence or testimony regarding the Honorable Mark J. Conway's status as a United States Bankruptcy Judge. (Doc. 103; Doc. 104). By way of background, Judge Conway served as Farber's bankruptcy counsel in connection with the petition for bankruptcy filed on behalf of QPI, a company Farber owned and operated before selling its assets to H&K.[4] (Doc. 104, at 2). In July 2021, Judge Conway was appointed as a United States Bankruptcy Judge for the Middle District of Pennsylvania and currently serves in that role. (Doc. 104, at 2).

---

[4] Farber has agreed to call Judge Conway solely as a fact witness, and to refrain from eliciting any testimony from him regarding the law. (Doc. 104, 2 n.2).

H&K argues that Judge Conway's status as a bankruptcy judge should be precluded pursuant to Federal Rule of Evidence 402 as irrelevant. (Doc. 104, at 1). H&K further asserts that if Judge Conway's status is deemed relevant, evidence or testimony regarding his position should be excluded pursuant to Federal Rule of Evidence 403 as more prejudicial than probative. (Doc. 104, at 1). In opposition, Farber asserts that he intends to call Judge Conway as a fact witness on behalf of Farber to testify to his direct interactions with H&K and the Benecon Group Inc., and his recommendations to Farber in Farber's capacity as President and shareholder of QPI. (Doc. 105, at 2).

The Court finds that because Farber is not calling Judge Conway to testify about any matter related to his judicial capacity, testimony regarding his profession as a judge is not relevant. *See Brown v. City of Chicago,* No. 18 C 7064, 2023 WL 2640317, at *4 (N.D. Ill. Mar. 22, 2023) (granting motion *in limine* to preclude testimony from plaintiff's former defense counsel, who subsequently became a judge). Therefore, Judge Conway's status as a United States Bankruptcy Judge is inadmissible. Fed. R. Evid. 401. Judge Conway is permitted to testify, as a fact witness, that he advised Farber as an attorney during the relevant time. While Farber may develop the credibility of Judge Conway through testimony regarding his background, his status as a judge should not be part of that testimony. Further, the parties are not permitted to refer to Judge Conway as "Judge" or "your Honor." *See Butler v. Dagney*, No. TH98-0196-C-T/H, 2001 WL 521821, at *9 (S.D. Ind. Mar. 5, 2001) ("This lack of necessity and purpose, coupled with the fact that repeatedly referring to Mr. Crowley by his formal title may somehow impart prestige, dignity or authority to Plaintiff's case, lead the court to believe that some instruction in this regard is necessary.").

Accordingly, H&K's motion *in limine* is **GRANTED** (Doc. 103).

IV.  **CONCLUSION**

Based on the foregoing, **IT IS HEREBY ORDERED** that the following motions *in limine* are **DENIED as MOOT**. (Doc. 71; Doc. 77; Doc. 81; Doc. 83; Doc. 87). Farber's motion *in limine* seeking to preclude H&K from offering evidence regarding unremitted union dues or 401K contributions (Doc. 75; Doc. 76) is **DENIED**. H&K's motion *in limine* seeking to preclude evidence that Bulls Acquisition Company, LLC, controlled Quality Perforating, Inc. (Doc. 89; Doc. 90) is **DENIED** and H&K's motion *in limine* to preclude evidence or testimony regarding the Honorable Mark J. Conway's status as a United States Bankruptcy Judge (Doc. 103; Doc. 104) is **GRANTED**.

An appropriate Order follows.

**BY THE COURT:**

**Dated: August 31, 2023**                *s/ Karoline Mehalchick*
                                          **KAROLINE MEHALCHICK**
                                          **Chief United States Magistrate Judge**